UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KARL PETERSON,**

**Plaintiff,**

**v.** **Case No. 26-CV-1349**

**WILLIAM JOHN KRATZKE,**

**Defendant.**

---

# ORDER

---

Currently pending before the court is plaintiff Karl Peterson's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Peterson's request, the court concludes that Peterson lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Peterson's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Peterson's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

## 1. Legal Standards

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**2. Factual Allegations**

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Peterson's complaint. Peterson identifies the defendant, William John Kratzke, as "Landlord." (ECF No. 1 at 3.) He asserts that Kratzke and two tenants (Dane Anthony Pangallo and Bruce) "routinely tressing [sic] into disabled sisters apt." (*Id.* at 3.) He claims that Kratzke barred him from all contact with his sister. (*Id.*) He also states, "Rapeutly [sic] inponed [sic] by Pangollo to rape sister Kratzke 'role we always do this' because laughing and made grinding gesture." (*Id.*)

Peterson also states to read his "enclosed complaint." (*Id.* at 4.) It is unclear whether the attachment served as a complaint in another action or is merely meant to supplement the form complaint filed in this action. (*See* ECF No. 1-1 (dated "November //30/25").) In any event, Peterson makes similar allegations throughout this document. He claims Kratzke is liable for harassment "under 947.013" (*Id.*, ¶¶ 7–8) and "under the Doctrine of Respondeat Superior for Retaliation, by cutting off utilities, water

five mounts [sic] now" (*Id.*, ¶ 12). He claims that Kratzke and Pangallo instituted a criminal procedure against him with improper purpose and malice. (*Id.*, ¶¶ 16–18.) He also alleges that his sister ran out of "very strong sleep medication" and would "wake to see defendants standing over her bed countless times (EEOE) Equal opportunity commission employment complaint dismissed for failure to state claim for which damages may be granted." (*Id.*, ¶ 18.)

Peterson also alleges that Kratzke is liable for intentional infliction of emotional distress and questions, "are these Fair Housing Violations of (IIED)?" (ECF No. 1-1, ¶ 29.) He claims there was a "routine pattern of visits with gun and without notice, self serve eviction forms, demanding $10,000, pushing Plaintiff … [and] Plaintiff filed Equal Employment Opportunity Commission (E.E.O.C.) complaints." (*Id.*, ¶ 32.) After referencing his sister and "attempted rape," he asserts that "this is disparate treatment when employer/landlord discriminate against an individual belongs to a protected. [sic] class." (*Id.*, ¶ 35.)

Peterson also asserts that landlords owe a duty to tenants to keep the premises in a reasonable state of repair and to protect them from foreseeable criminal activities in common areas. (ECF No. 1-1, ¶¶ 47, 59.) He claims that Kratzke breached the warranty of habitability (*Id.*, ¶ 62) and "gave two sets of keys to two known trespasser" (*Id.*, ¶ 64).

In terms of relief, Peterson requests: "Damages to be compensated includes [sic] lost wages due to time spent in pre-trial incarceration; cost of bail bond; medical or

psychological therapy cost PTSD; other financial loss; non-economic damages; pain and suffering; humiliation; loss of reputation; embarrassment and emotional distress; and punitive damages." (ECF No. 1 at 2.)

**3. Analysis**

Peterson's complaint is difficult to follow. It is unclear whether defendant Kratzke was or is a landlord and/or employer to Peterson. Peterson references that he filed complaints with the Equal Employment Opportunity Commission. He also seems to allege that Kratzke discriminated against his sister. But Peterson's sister is not a plaintiff in this action. Peterson has not identified any basis for a federal employment or housing discrimination claim, nor any other *federal* question, between Kratzke and himself.

Peterson does not identify where defendant Kratzke resides or of which state he is a citizen. The court therefore cannot determine whether the case may qualify for jurisdiction based on the diversity of citizenship of the parties. *See* 28 U.S.C. § 1332.

Peterson alleges several violations of Wisconsin law, such as harassment and intentional infliction of emotional distress. But federal courts can preside over state law claims like these in limited circumstances that Kratzke has not satisfied here. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (observing that federal district courts are "courts of limited jurisdiction" that may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute).

Peterson also alleges several instances of criminal conduct, such as attempted rape and trespassing. **<u>To the extent that Peterson believes criminal conduct has occurred or is continuing to occur, he should contact local law enforcement to request that they investigate and prosecute as appropriate.</u>**

Even liberally construing Peterson's complaint, he has failed to state a claim upon which relief may be granted in this court. The Seventh Circuit Court of Appeals has emphasized that the district court generally should afford a plaintiff at least one opportunity to amend the complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The court will allow Peterson to file an amended complaint if he wishes to proceed with a federal action against Kratzke. If he files an amended complaint, it will replace the prior complaint and must be complete without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Peterson's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Peterson must file an amended complaint with the court no later than **September 4, 2026.** **<u>If Peterson fails to do so the court will recommend that his complaint be dismissed.</u>**

**IT IS FURTHER ORDERED** that all of Peterson's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Peterson should also retain a personal copy of each document.

Peterson is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, Peterson must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 12th day of August, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge